Dear Representative Daniel:
You have requested an Attorney General's opinion on issues relative to the open meetings laws. Specifically, you ask for the proper interpretation of LSA-R.S. 42:6.1(A) (2) as it relates to executive sessions held by the East Baton Rouge Parish School Board (the "school board").
You state in your request that the school board will hold a special meeting on Saturday, February 6, 1999, to discuss issues pertaining to the implementation of recently approved tax propositions for new school construction, additions to existing schools and matters relating to its pending school desegregation litigation. Pursuant to the decree by the U.S. District Court inDavis v. East Baton Rouge Parish School Board, Civil Action No. 56-1662-A, 9/30/98, the school board must secure court approval for the construction of new schools and additions to existing schools.
The school board may consider entering executive session to discuss the pending school desegregation lawsuit including discussions with legal counsel and legal strategies.
You ask the following questions:
 (1) May the school board enter into executive session to discuss and formulate strategies for the implementation of the tax plan in the pending school desegregation lawsuit?
 (2) Upon adjournment into executive session, is the school board legally required, in open meeting, to disclose its strategies and the opinions of its attorneys and expert, or take votes with respect to its strategies?
 (3) May the school board or a committee thereof enter into executive session with the plaintiffs in the desegregation lawsuit in order to reach a tentative agreement for the filing of a joint consent motion for court approval of the tax plan, subject to approval of the entire board prior to actually entering into an agreement to file the joint motion?
LSA-R.S. 42:6.1 provides for specific exceptions to the general open meetings laws. Subsection (A) (2) of LSA-R.S. 42:6.1 states:
 A public body may hold an executive session pursuant to R.S. 42.6 for one or more of the following reasons:
 * * * * *
 (2) Strategic sessions or negotiations with respect to collective bargaining, prospective litigation after formal written demand, or litigation when an open meeting would have a detrimental effect on the bargaining or litigating position of the public body.
Your first question is best addressed by the 2nd Circuit Court of Appeal in Norris v. Monroe City School Board, 580 So.2d 425, 429
(La.App. 2nd Cir. 1991), wherein the propriety of an executive session subsequent to a stipulated judgment was brought into question:
 Pending, existing litigation may be the subject of executive session whenever an open meeting would have a "detrimental effect" on the litigating position of the public body. . . . Considering the difficulty of securing federal approval and other litigants' consent to any change, the [school board] may well have thought that further public access to their strategy conference would not have been helpful.
Therefore, the school board may call an executive session for discussions and strategies in the lawsuit at issue.
Your second question asks whether the strategies and opinions of its attorneys or expert must be disclosed in an open meeting subsequent to the executive session. The purpose behind the above cited exception to the open meetings laws is to facilitate the flow and discussion of these strategies and opinions with the understanding that what is discussed remains beyond the scope of public access.
Moreover, no vote is required by the school board in open meeting regarding any strategies discussed. Those strategies are generally understood to be part of the public body's approach in pending litigation. Those strategies are generally those of legal counsel who uses the executive session to inform members of any progress or actions taken or to be taken in the pertinent litigation. While LSA-R.S. 42:6 prohibits a public body from taking any final or binding action in executive session, the discussion of strategies or opinions do not generally qualify as action of the public body. Therefore, no public disclosure is required of these discussions held in executive session.
Finally, you ask whether an executive session may be held with the plaintiffs in the litigation to discuss any agreement that may be reached in order for all parties to file a joint consent motion for court approval of the tax plan. You state that any tentative agreement would only be effective and valid subject to approval of the entire school board prior to actually entering into the agreement to file the joint motion.
Regarding the attendance of non-members to an executive session, this office has previously stated that a public body may permit anyone to attend an executive session if that person's presence is necessary and if the executive session is not being used as a subterfuge to defeat the purposes of the open meetings laws. Attorney General Opinion No. 93-233. The attendance of the plaintiffs to a closed session to discuss litigation matters is arguably necessary in discussing any potential agreements. Therefore, these plaintiffs may attend executive sessions as deemed necessary by the school board.
Reiterating that no final or binding action can be taken in executive session, any "tentative" agreement must be nothing more than a proposal to the full school board for approval and that vote must be held in an open meeting. If these caveats are followed, no violation to the open meetings laws appears to exist in this process.
I trust this addresses your concerns. Please contact this office should you require further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb
Date Released:
Carlos M. Finalet, III Assistant Attorney General