WILLIAMS, J.
|2The defendants, the City of Bossier City (“Bossier City”) and the Bossier City Municipal Fire and Police Civil Service Board (“the Board”) appeal a judgment in favor of the plaintiff, B.W. Greemon. The *414 court found that the Board’s decision upholding the plaintiffs termination was void.- The matter was remanded to the Board for further proceedings in strict adherence with the Open Meetings Law (“OML”). For the following reasons, we affirm.
FACTS
B.W. Greemon (“Greemon”) was a paramedic with the Bossier City Fire Department (“BCFD”). On November 7, 2007, Greemon was serving as the senior paramedic on the BCFD’s Trauma One ambulance unit. His unit responded to a call from Bossier City Police that an apparently intoxicated individual, Eric Holloway (“Holloway”), was in need of medical assistance.
When Greemon arrived on the scene, Holloway was in the back seat of a police vehicle. Greemon was informed that Holloway had consumed as many as 18 beers and was possibly a diabetic. However, Greemon denies that he also was informed that Holloway had consumed methadone that day. After taking Holloway’s vital signs and blood sugar measurement, Greemon decided not to transport Holloway to the hospital. Instead, he authorized Holloway’s transport to jail, where he was found dead the next morning. After Holloway’s death, Greemon prepared a written patient care report detailing his treatment of Holloway on the previous day.
A complaint was filed against Greemon concerning his care ofJjHolloway. Greem-on was questioned by BCFD’s internal affairs department and its predisciplinary review board. Fire Chief Sammy Halphen reviewed the results of the investigation into Greemon’s conduct. In November 2007, Greemon was terminated from his employment with the BCFD.
Greemon filed a civil service appeal, which was considered by the Board on March 12, 2008. At the conclusion of the taking of evidence, the attorneys — Cary Hilburn for the plaintiff and Truly McDaniel for Bossier City — were asked by the Board’s legal advisor, Cecil Campbell, if they were willing to submit the matter:
MR. MCDANIEL: I’m willing to submit it, Your Honor. I think the board has heard everything we’ve heard.
MR. CAMPBELL: Mr. Hilburn.
MR. HILBURN: Judge, submission is fine.
MR. KEITH: Mr. Chairman, I make a motion we go into executive session.
BOARD MEMBER: Second.
MR. HUCKABAY: At this time the board will recess for executive session.
MR. HILBURN: Thank the board for its time.
The Board then immediately went into executive session without a vote. No objection or comment was made as to the Board’s failure to take a vote on the motion to go into executive session. Upon returning from executive session, the Board voted, 3 to 2, to uphold Bossier City’s termination of Greemon, finding that the city acted in good faith and for just cause.
On April 11, 2008, Greemon filed a “notice of appeal and petition for relief from denial of due process” in the district court, alleging that the Board’s decision was not made in good faith for cause, and alternatively that he was denied his right to due process. In relevant part, he asserted the following:
|4II. Factual Background
[[Image here]]
10. After a hearing on GREEMON’S appeal at the Board’s regularly scheduled meeting on March 12, 2008, the Board recessed for “executive session” *415 where a closed-door meeting, a so-called “executive session,” was held wherein deliberations and comments on the evidence and witnesses were made amongst the Board’s members and by at least one non-member in a setting not open to the public. . Upon return to the, open public meeting, a motion was made “that the city acted in good faith and for just cause,” wherein the Board voted by a margin of 3-2 in favor of the motion affirming BCFD’S decision to terminate GREEMON’S employment.
III. Causes of Action — Appeal and Denial of Due Process
[[Image here]]
16. In the alternative, GREEMON would also show he was denied his rights to due process under the law on at least the following accounts. First, GREEMON would show that prior to the BOARD publicly voting and rendering its decision, it recessed in a closed-door “executive session” not otherwise open to the public in violation of La.Rev. Stat. 33:2476(M). Second, GREEMON would show that in the closed-door “executive session” one or more persons not members of the BOARD participated in and/or commented on the evidence and witnesses presented to the BOARD in open session.... Upon information and belief, GREEMON alleges there are other violations of his rights evident from the record. Any one of these events would necessarily result in a violation [of] the rights and privileges guaranteeing due process to GREEMON under the law.
In September 2009, Greemon filed a motion for summary judgment on several grounds, specifically alleging that the Board’s action in upholding his termination was voidable because the Board held an executive session without first voting to do so, in violation of the OML.-
After a hearing on the motion for summary judgment, the district court issued a written opinion finding that Greemon had sufficiently alleged a violation of the OML to place the issue before the court, that the Board violated the OML by holding an executive session during its meeting on March 12, 2008, without first voting to, do so, that the action taken by the | ¡¡Board at that meeting was void and that consideration of the merits of Greemon’s remaining allegations was premature. The court rendered judgment remanding the matter to the Board for further proceedings to be conducted in strict adherence with the OML. Bossier City and the Board appeal the judgment.
DISCUSSION
The defendants contend the district court erred in finding that plaintiffs petition alleged sufficient facts to assert a claim under the OML. Defendants argue that plaintiffs action was not timely filed because the petition did not state any material facts to establish an OML violation.
Louisiana utilizes a system of fact pleading, and no technical forms of pleading are required. LSA-C.C.P. art; 854. Liberal rules of pleading prevail and, when .possible, the court should maintain a petition to allow a plaintiff to present his case. S.K. Whitty & Company, Inc. v. Laurence L. Lambert & Associates, 576 So.2d 599 (La.App. 4th Cir.1991), writ denied, 580 So.2d 928 (La.1991). A plaintiff need not set forth every possible theory of recovery, but must plead facts, which if taken as true, state a cause of action; State v. Racetrac Petroleum, Inc., 01-0458 (La.App. 3rd Cir.6/20/01), 790 So.2d 673. Fact pleading advances several goals of" the petition, such as satisfying the constitutional guarantee of due pro *416 cess by providing the defendant with fair notice, limiting the issues before the court, and notifying the defendant of the facts upon which the plaintiff bases his claims. Fitzgerald v. Tucker, 98-2313 (La.6/29/99), 737 So.2d 706.
The state constitution declares that no person shall be denied the right to observe the deliberations of public bodies and examine public documents, |fiexcept in cases established by law. La. Const. Art. 12, Sec. 3. Embodying this guarantee, the Open Meetings Law, LSA-R.S. 42:4.1 et seq, provides that every meeting of any public body shall be open to the public unless closed pursuant to statute. LSA-R.S. 42:5(A). The OML must be liberally construed in favor of assuring that public business is performed in an open and public manner and that citizens are advised of and aware of the performance of public officials and the deliberations and decisions which create public policy. LSA-R.S. 42:4.1; Norris v. Monroe City School Board, 580 So.2d 425 (La.App. 2d Cir.1991).
Before holding a private executive session, a public body must comply with certain notice and procedural rules set forth in LSA-R.S. 42:6, which states in pertinent part:
A public body may hold executive sessions upon an affirmative vote, taken at an open meeting for which notice has been given pursuant to R.S. 42:7, of two-thirds of its constituent members present. An executive session shall be limited to matters allowed to be exempted from discussion at open meetings by R.S. 42:6.1; however, no final or binding action shall be taken during an executive session. The vote of each member on the question of holding such an executive session and the reason for holding such an executive session shall be recorded and entered into the minutes of the meeting.
LSA-R.S. 42:6.1 allows a public body to hold an executive session pursuant to Section 6 for several reasons, including investigative proceedings regarding allegations of misconduct. Any action taken in violation of the OML shall be voidable by a court of competent jurisdiction. A suit to void any such act must be commenced within 60 days of the act. LSA-R.S. 42:9. This 60-day time limit is peremptive, not prescriptive. Kennedy v. Powell, 401 So.2d 453 (La.App. 2d Cir.), writ denied, 406 So.2d 607 (La.1981). Peremption may not be renounced, interrupted or suspended. LSA-C.C. art. |73461.
In the present case, Greemon alleged in his petition that during a regularly scheduled public meeting, the Board improperly “recessed” for an executive session, which was a closed-door discussion not open to the public, in violation of his rights. Under Louisiana’s liberal rules of fact pleading, Greemion’s allegations provided defendants with sufficient notice that the Open Meetings Law was at issue in this case. Significantly, the defendants’ pleadings opposing Greemon’s petition demonstrate that the defendants were actually aware that the Open Meetings Law was an issue, because both the Board’s April 2008 memo and the City’s response specifically cite LSA-R.S. 42:6.1, which provides the statutory exceptions to the open meeting requirement.
Greemon’s petition challenging the validity of the Board’s recess for an executive session, and the defendants’ pleadings support the district court’s determination that Greemon alleged sufficient facts to place the issue of an Open Meetings Law violation before the court. Based upon this record, the defendants were given fair notice within the 60-day peremptive period that the Open Meetings Law was implicat *417 ed in this case. The assignments of error lack merit.
The defendants also contend the district court erred in allowing Greemon to join an action to enforce the OML with an appeal of the Board’s decision. Defendants argue that the court was precluded from considering the alleged OML violation because LSA-R.S. 33:2501 limits the court’s review to the issue of whether the Board’s decision was made in good faith for cause.
|8A regular employee in the classified service who feels he has been disciplined without just cause may appeal to the Board for a hearing to determine the reasonableness of the action. LSA-R.S. 33:2501(A). If the employee believes that the Board’s decision is prejudicial, the employee may then appeal to the district court in the parish where the Board is domiciled. LSA-R.S. 33:2501(E)(1); McCoy v. City of Shreveport, 42,662 (La.App.2d Cir.12/5/07), 972 So.2d 1178. This appeal shall be confined to a determination of whether the Board’s decision was made in good faith for cause. LSA-R.S. 33:2501(E)(3).
In the present case, the authority cited by defendants does not support their position that the district court was precluded from considering a claim to enforce the OML because it was included with the appeal of the Board’s decision. The OML was not at issue in either McCoy, supra, or Walsworth v. Municipal Fire & Police Civil Service Bd. of Shreveport, 567 So.2d 712 (La.App. 2d Cir.1990). Here, in contrast to the situation in those cases, the issue before the district court was not the merits of the Board’s decision. Rather, the court considered the limited issue of compliance with the OML and voided the Board’s action on procedural grounds, finding that the Board had failed to comply with the OML in holding an executive session.
The Open Meetings Law is not optional. Norris, supra. The statute allows a public body to hold an executive session only after an affirmative vote of two-thirds of members present, and provides that the vote of each member and the reason for holding such an executive session shall be recorded and entered into the meeting minutes. The Board members neither voted nor gave a reason for the executive session at the March 2008 meeting. |3Thus, the record supports the district court’s finding that the Board held an executive session in violation of LSA-R.S. 42:6.
The burden placed on a public body by the statute is minor compared to the substantial interest of citizens in having the people’s business performed in an open and public manner. The express procedure required by the Open Meetings Law is not a “technical” triviality, which may be ignored at the whim of a public body. Therefore, we affirm the district court’s judgment declaring the Board’s action void and remanding the matter for further proceedings' to be conducted in strict adherence with the Open Meetings Law. The assignments of error lack merit.
CONCLUSION
For the foregoing reasons, the district court’s judgment is affirmed. The amount of $121.50 is assessed to. the appellant, City of Bossier City and $121.50 is assessed to the appellant, The Bossier City Municipal Fire and Police Civil Service Board, as appeal costs payable to this court.
AFFIRMED.
GASKINS, J., dissents with written reasons.