WEIMER, Justice.
 

 I,This court granted writs to determine whether respondent’s civil service hearing must be nullified because the board that conducted the hearing did not formally vote to deliberate in an executive session closed to the public. Although we in no way condone a failure to vote, because respondent first asserted a claim that the Open Meetings Law was violated some 17 months after the hearing, we find that respondent’s claim was barred by the 60-day limitation period of former LSA-R.S.
 
 *1265
 
 42:9 (now redesignated as LSA-R.S. 42-.24).
 
 [1]
 

 | ¿FACTUAL AND PROCEDURAL BACKGROUND
 

 B.W. Greemon was a paramedic with the Bossier City Fire Department. On November 7, 2007, Mr. Greemon responded to a call to assist an apparently intoxicated individual, Eric Holloway, who was in police custody.
 

 At the scene, Mr. Greemon was informed that Mr. Holloway had consumed as many as 18 beers and was possibly a diabetic. Mr. Greemon evaluated Mr. Holloway and authorized Mr. Holloway’s transport to jail. Mr. Holloway was then transported to and booked into jail, where he was found dead the next morning.
 

 A complaint was filed against Mr. Greemon for clearing Mr. Holloway’s transport to jail rather than to a medical facility. Mr. Greemon was questioned by the Bossier City Fire Department’s internal affairs board and by a predisciplinary review board. Fire Chief Sammy Halphen reviewed the results of the investigation, and Mr. Greemon was terminated from his employment with Bossier City.
 

 Mr. Greemon filed a civil service appeal, which was considered by the Bossier City Municipal Fire and Police Civil Service Board (“Civil Service Board”). After the presentation of evidence, counsel for Mr. Greemon and for Bossier City were asked by the legal advisor for the Civil Service Board whether the parties were willing to submit the matter for decision. Both parties agreed to submit the matter to the Civil Service Board.
 

 One Civil Service Board member then moved to enter into executive session, and another member “seconded” the motion. No formal vote on the motion to enter executive session is reflected in the hearing transcript, but the presiding board member clearly directed that the Civil Service Board enter the executive session, Lwhich was closed to the public. No one from the Civil Service Board voiced an objection to entering the executive session, and neither of the parties contemporaneously objected. After the executive session, the Civil Service Board returned to an open session. Neither of the parties registered a complaint at that time to the executive session that had just occurred. The Civil Service Board then publicly voted, 3 to 2, to uphold Bossier City’s termination of Mr. Greemon’s employment. The majority found that Bossier City had acted in good faith and for just cause when terminating Mr. Greemon’s employment.
 

 On April 11, 2008, Mr. Greemon filed with the district court a pleading captioned: “NOTICE OF APPEAL AND PETITION FOR RELIEF FROM DENIAL OF DUE PROCESS.” In this pleading, Mr. Greemon alleged that he acted appropriately in evaluating Mr. Holloway and that Mr. Greemon was therefore terminated without good faith for cause in violation of civil service law. Mr. Greemon also alleged that he was denied due process
 
 *1266
 
 because, among other reasons, the Civil Service Board “recessed in a closed-door ‘executive session’ not otherwise open to the public in violation of La.Rev.Stat. 33:2475(M).”
 
 [2]
 
 Mr. Greemon urged that he was prejudiced by the closed meeting because “one or more persons not members of the BOARD participated in and/or commented on the evidence.”
 

 The Civil Service Board filed a responsive memorandum. Later, Bossier City filed an answer to Mr. Greemon’s district court pleading. In its answer, Bossier City suggested that memorandums were the usual responsive pleadings to civil service appeals because answers were not required in such appeals. Bossier City further explained that it was filing an answer “out of an abundance of caution” because a citation commanding an answer had been issued at the behest of Mr. Greemon’s [^counsel and served on Bossier City. No contemporaneous exceptions were raised in Bossier City’s answer, and Bossier City has never filed any other form of exception.
 

 On September 1, 2009, Mr. Greemon filed a motion for summary judgment, arguing that the Civil Service Board’s procedures had violated Louisiana’s Open Meetings Law requirements and that Bossier City had failed to prove that it had acted in good faith and with just cause in terminating Mr. Greemon’s employment.
 

 Bossier City objected to the motion for summary judgment, arguing, among other matters, that the motion was the first time Mr. Greemon had sought relief under the Open Meetings Law and that such a claim was untimely.
 

 The district court granted Mr. Greem-on’s motion for summary judgment inasmuch as the district court ordered that the Civil Service Board’s “action ... is declared void and hereby remanded to the Bossier City Municipal Fire and Police Civil Service Board for further proceedings as it deems appropriate to be conducted in strict adherence with the Open Meetings Law.” However, the district court declined to reach the merits of Mr. Greem-on’s termination from employment, commenting that to do such would be premature.
 

 The district court explained that “ [violations of the Open Meetings Law were alleged sufficiently” in Mr. Greemon’s initial pleading as “to place that issue before [the district] Court.” Noting that a challenge based on the Open Meetings Law, LSA-R.S. 42:4.1,
 
 et seq.,
 
 must be filed within 60 days, the district court found Mr. Greem-on’s initial pleading satisfied this deadline. Emphasizing that no formal vote by the Civil Service Board had been made on the motion to enter into executive (ie., closed) session, the district court found that the Civil Service Board’s decision to uphold Mr. Greemon’s termination should be voided.
 

 IsThe court of appeal affirmed the district court’s remand to the Civil Service Board, after first addressing the question of timeliness.
 
 Greemon v. City of Bossier City,
 
 45-0664, p. 6, 8 (La.App. 2 Cir. 11/24/10), 59 So.3d 412, 416-417. Noting that Louisiana is a “fact pleading” jurisdiction, the court of appeal found that Mr. Greemon had sufficiently pled facts in his initial pleading to put Bossier City on notice that the Open Meetings Law was at issue.
 
 Id.,
 
 45-0664 at 5-7, 59 So.3d at 416. The court of appeal, therefore, reasoned that Mr. Greemon’s initial pleading satisfied the requirement to file an Open Meetings Law challenge within the 60-day limi
 
 *1267
 
 tation period.
 
 Id.,
 
 45-0664 at 7, 59 So.3d at 416-417.
 

 The court of appeal then found that the Civil Service Board had violated the Open Meetings Law: “The Board members neither voted nor gave a reason for the executive session at the March 2008 meeting. Thus, the record supports the district court’s finding that the Board held an executive session in violation of LSA-R.S. 42.6.”
 
 Id.,
 
 45-0664 at 8-9, 59 So.3d at 417. The court of appeal explained that “[t]he Open Meetings Law is not optional.”
 
 Id.,
 
 45-0664 at 8, 59 So.3d at 417. The Civil Service Board’s procedural violation justified voiding the Civil Service Board’s employment determination because “[t]he express procedure required by the Open Meetings Law is not a ‘technical’ triviality, which may be ignored at the whim of a public body.”
 
 Id.,
 
 45-0664 at 8-9, 59 So.3d at 417.
 

 One judge from the court of appeal dissented, and would have reversed the district court’s ruling that the Civil Service Board’s employment decision must be voided.
 
 Greemon,
 
 45-0664, p. 4, 59 So.3d at 418, 419 (Gaskins, J., dissenting). Judge Gaskins opined that Mr. Greemon had not sufficiently pled a cause of action under the Open Meetings Law in the initial pleading.
 
 Id.,
 
 45-0664 at 2-3, 59 So.3d at 418. According to Judge Gaskins, when Mr. Greemon later filed a motion for summary | ^judgment invoking the Open Meetings Law, any cause of action Mr. Greem-on may have had was perempted because the motion was filed after the 60-day limitation period.
 
 Id.,
 
 45-0664 at 3, 59 So.3d at 418. Judge Gaskins also explained that under the Open Meetings Law, closed or executive sessions are allowed to review employment decisions, thus, under no set of facts assumed to be true in Mr. Greem-on’s motion did the Civil Service Board violate the law.
 
 Id.,
 
 45-0664 at 2, 59 So.3d at 418. Judge Gaskins further concluded the lack of a contemporaneous objection by Mr. Greemon to the executive session was an omission that was fatal for Mr. Greem-on’s effort to obtain relief under the Open Meetings Law.
 
 Id.,
 
 45-0664 at 3, 59 So.3d at 418.
 

 Both the Civil Service Board and Bossier City applied for writs of review, which this court consolidated and granted.
 
 Greemon v. City of Bossier City,
 
 10-2828, 11-0039 (La.3/4/11), 58 So.3d 463.
 

 LAW AND ANALYSIS
 

 Appellate courts review summary judgments
 
 de novo,
 
 using the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.
 
 Schroeder v. Bd. of Supervisors of Louisiana State University,
 
 591 So.2d 342, 345 (La.1991). A court must grant a motion for summary judgment “[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” LSA-C.C.P. art. 966(B).
 

 In their applications to this court, rela-tors Bossier City and the Civil Service Board have raised several assignments of error stemming from the district court’s granting of summary judgment. Relators argue that an Open Meetings Law claim cannot be cumulated with a civil service appeal, an Open Meetings Law claim cannot 17be adjudicated as a summary proceeding, the Civil Service Board’s decision regarding Mr. Greemon’s employment cannot be nullified because the Board was authorized to enter executive session, and Mr. Greemon’s Open Meetings Law claim was untimely.
 

 Because timeliness is a threshold issue, our analysis of the correctness of the district court’s grant of summary judgment
 
 *1268
 
 begins there. Although relators filed no exception of prescription/preemption in the district court,
 
 [3]
 
 the issue of whether Mr. Greemon timely pled a cause of action under the Open Meetings Law is squarely presented for this court’s review because the district court granted relief under the Open Meetings Law when ruling on Mr. Greemon’s motion for summary judgment.
 
 See, e.g., Berard v. L-3 Communications Vertex Aerospace, L.L.C.,
 
 09-1202, p. 6 n. 1 (La.App. 1 Cir. 2/12/10), 35 So.3d 334, 340 n. 1,
 
 writ denied,
 
 10-0715 (La.6/4/10), 38 So.3d 302 (“A judgment granting or denying summary judgment is necessarily based upon the initial determination of the substantive law applicable to the issues, as it is only in the context of that applicable substantive law that any issues of material fact can be ascertained.”).
 

 The time limit applicable to Mr. Greem-on’s case is contained in LSA-R.S. 42:9, which then provided:
 

 Any action taken in violation of R.S. 42:4.1 through R.S. 42:8 shall be voidable by a court of competent jurisdiction. A suit to void any action must be commenced within sixty days of the action.
 

 Undisputedly, Mr. Greemon’s motion for summary judgment, which sought relief under the Open Meetings Law, was filed long after the 60-day limitation period. |8The ultimate question, therefore, is whether Mr. Greemon’s initial pleading, which was filed within the limitation period, satisfied the requirements to seek relief under the Open Meetings Law. For the reasons that follow, we find that the initial pleading was inadequate to timely state a claim under the Open Meetings Law.
 

 Louisiana’s Code of Civil Procedure uses a system of pleading based upon the narration of factual allegations.
 
 See Montalvo v. Sondes,
 
 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131. As described in LSA-C.C.P. art. 854: “No technical forms of pleading are required. All allegations of fact of the petition, exceptions, or answer shall be simple, concise, and direct, and shall be set forth in numbered paragraphs.” The fact-pleading requirement replaces an earlier “theory of the case” pleading requirement.
 
 See
 
 LSA-C.C.P. art. 862, Official Revision Comments— 1960, cmt. (b). Because the “theory of the case” pleading requirement has been abolished, “[s]o long as the facts constituting the claim or defense are alleged or proved, the party may be granted any relief to which he is entitled under the fact-pleadings and evidence.”
 
 Cox v. W.M. Heroman & Co., Inc.,
 
 298 So.2d 848, 855 (La. 1974),
 
 overruled on other grounds by A. Copeland Enterprises, Inc. v. Slidell Memorial Hosp.,
 
 94-2011, p. 9 (La.6/30/95), 657 So.2d 1292, 1299. However, even though the “theory of the case” need no longer be pled, LSA-C.C.P. art. 891 provides that a petition “shall contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation.” (Emphasis added.)
 

 The following commentary sums up what constitutes “material facts” within Louisiana’s fact-pleading system: “The Code requires the pleader to state what act or omission he or she will establish at trial, such as the fact that the defendant
 
 *1269
 
 failed to deliver goods by a designated date, exceeded the speed limit, or failed to pay | ^workers’ compensation benefits although the evidence in his or her possession clearly established a compensable injury and disability.” 1 FRANK L. MaRAISt et al„ Louisiana Civil Law Treatise: Civil Procedure § 6:3 at 143 (2d ed.2008) (footnote omitted).
 

 As the above commentary indicates, a fact is “material” if it points to a violation of the applicable law. The portion of the Open Meetings Law applicable to this case required:
 

 A. Every meeting of any public body shall be open to the public unless closed pursuant to R.S. 42:6, R.S. 42:6.1, or R.S. 42:6.2.
 

 B. Each public body shall be prohibited from utilizing any manner of proxy voting procedure, secret balloting, or any other means to circumvent the intent of R.S. 42:4.1 through R.S. 42:8.
 

 C. All votes made by members of a public body shall be viva voce[
 
 4
 
 ] and shall be recorded in the minutes, journal, or other official, written proceedings of the body, which shall be a public document.
 

 LSA-R.S. 42:5.
 

 With both the applicable law and the principles of fact pleading in mind, we turn to Mr. Greemon’s initial pleading to determine what, if any, facts Mr. Greemon may have alleged to show a violation of the Open Meetings Law. In his brief to this court, Mr. Greemon argues that the following factual allegations in his initial pleading are material to an Open Meetings Law cause of action:
 

 • He challenged the “illegal, closed-door meeting.”
 

 • He complained that the Civil Service Board “recessed into a ‘closed ... executive session.’ ”
 

 lm* “After a hearing on GREEMON’s appeal ... the Board recessed for ‘executive session’ where a closed-door meeting, a so-called ‘executive session,’ was held.... in a setting not open to the public.”
 

 • “Upon return to the open public meeting, a motion was made ‘that the city acted in good faith and for just cause,’ wherein the Board voted by a margin of 3-2 in favor of the motion affirming [Bossier City’s] decision to terminate GREEMON’S employment.”
 

 • “GREEMON would show that prior to the BOARD publicly voting and rendering its decision, it recessed in a closed-door ‘executive session’ not otherwise open to the public in violation of La.Rev.Stat. [sic] 33:2476(M).”
 

 We address each of these allegations in turn.
 

 A careful review of Mr. Greemon’s initial pleading reveals, contrary to his brief, that nowhere does he complain of an “illegal, closed-door meeting.” At several points, the initial pleading uses the phrase “closed-door meeting,” but never, as Mr. Greemon now asserts in his brief, does his initial pleading describe the meeting as “illegal.”
 
 [5]
 

 
 *1270
 
 Continuing our analysis, to determine whether Mr. Greemon’s initial pleading satisfied the fact-pleading standard, we turn to the next part of his allegation,
 
 ie.,
 
 that the meeting was a “closed-door” meeting. Another allegation, that the Civil Service Board held an “executive session,” is substantially the same as the “closed-door” allegation. Mr. Greemon cites both allegations to this court to support his argument that his “right to have public business performed in an open and public manner” was violated. We therefore analyze the “closed-door” and “executive session” allegations to determine if they are material to an Open Meetings Law claim.
 

 _[nThere is nothing inherently unlawful about a “closed-door” or “executive session” under the Open Meetings Law. These types of non-public meetings are described in LSA-R.S. 42:6, which provided, in pertinent part: “A public body may hold executive sessions upon an affirmative vote, taken at an open meeting for which notice has been given ... of two-thirds of its constituent members present.” The Open Meetings Law expressly authorized entry into executive session where, as here, there are discussions of a person’s “professional competence.” LSA-R.S. 42:6.1(A)(1).
 
 [6]
 

 A narrative in an initial pleading such as Mr. Greemon’s, which alleges conduct permitted by law, does not significantly advance the goal of describing a cause of action. The fact that the Civil Service Board went into a “closed-door” or “executive session” is not, under Louisiana’s fact-pleading system, a material fact for purposes of stating a cause of action for violation of the Open Meetings Law. The fact of a “closed-door” or “executive session” may be useful for background or understanding, but without an allegation of how the session was conducted in violation of the law, there is no stated cause of action.
 

 In brief, Mr. Greemon poses to this court the question: “What facts must be alleged to properly challenge an illegal, closed-door meeting?” As we have come to understand the nature of his claim through his brief, Mr. Greemon appears to have found the answer, not in his initial pleading, but in his motion for summary judgment which was filed approximately one-and-a-half years after the time limit for pleading a cause of action had expired. The following narrative from the motion for summary judgment bears the hallmarks of a short, plain statement of material facts: “the Board [ 12violated the open meetings law by recessing into executive session without first securing the two-thirds vote of the Board members in favor of going into such a closed session of a public body.” There, and for the first time we can discern in the record, did Mr. Greemon assert what was allegedly unlawful about a meeting that was statutorily authorized. As stated in the motion for summary judgment, it was not the closed session itself that Mr. Greemon claimed was actionable; what was allegedly actionable was the Civil Service Board’s failure to adequately vote to exit from public hearing to closed discussions.
 

 Since the motion for summary judgment cannot satisfy the requirements for timely pleading, we continue our analysis of the initial pleading to determine if Mr. Greem-on pled a cause of action under the Open
 
 *1271
 
 Meetings Law. Mr. Greemon argues that another factual assertion from his initial pleading is material to a cause of action: “Upon return to the open public meeting, a motion was made ‘that the city acted in good faith and for just cause,’ wherein the Board voted by a margin of 3-2 in favor of the motion affirming [Bossier City’s] decision to terminate GREEMON’s employment.” We disagree. Mr. Greemon points to no provision of the Open Meetings Law, nor are we aware of any, which is violated by the Civil Service Board returning from executive session to an open meeting and then publicly considering a motion and voting on the motion.
 

 Lastly, we consider Mr. Greemon’s argument that because his initial pleading alleged a violation of LSA-R.S. 33:2476, he adequately pled a cause of action under the Open Meetings Law. By way of review, the initial pleading, in pertinent part, describes that the Civil Service Board “recessed in a closed-door ‘executive session’ not otherwise open to the public in violation of La.Rev.Stat. [sic] 33:2476(M).” 11 aWe note, however, that LSA-R.S. 33:2476 is not an Open Meetings Law statute, but a civil service statute. The subsection Mr. Greemon cited in his pleading provides:
 

 M. The board shall meet at any time after its original meeting upon the call of the chairman, who shall give all members of the board due notice thereof. The chairman of the board shall call, and the members of the board shall attend, one regular meeting of the board within each quarterly period of each calendar year. If a chairman fails or refuses to call such quarterly meeting of his board, the members of the board shall meet upon the written call of any two members mailed ten days in advance of the meeting. Four members of the board shall constitute a quorum, and the concurring votes of any three members comprising the quorum of the board shall be sufficient for the decision of all matters to be decided or transacted by it. Meetings of the boards shall be open to the public.
 

 Presumably, it is only the last sentence of this section of the civil service statute (regarding meetings being open to the public), which Mr. Greemon believes assists his initial pleading in setting out a cause of action under the Open Meetings Law. Even if the contradiction of how citing one specific statute somehow sets out a cause of action under an entirely different statute is overlooked, the requirement to plead the “theory of the case” as previously indicated has long ago been abandoned.
 
 See
 
 LSA-C.C.P. art. 862, Official Revision Comments — 1960, cmt. (b). Allegations of material fact now guide courts in determining whether a cause of action has been pled.
 
 [7]
 
 As we noted above, there is nothing inherently unlawful about a board recessing into an executive, closed-door session. Such a session is authorized by statute when there are discussion of one’s professional competence.
 
 See
 
 LSA-R.S. 11442:6.1(A)(1). Thus, the initial pleading fails at this last juncture to have raised a material fact in support of a cause of action under the Open Meetings Law.
 

 
 *1272
 
 Having found that the initial pleading failed to state a cause of action under the Open Meetings Law, we return to the procedural posture of this ease to ascertain the consequences. Pursuant to LSA-R.S. 42:9, a cause of action to void the decision of a public body for alleged violations of the Open Meetings Law “must be commenced within sixty days of the action.” “When the legislature amended the open meeting law in 1979 to provide for the first time the right to an aggrieved party to have the actions of a public body voided as provided in La. R.S. 42:9, it saw fit to limit this right to a short period of sixty days to insure a degree of certainty in the actions of the public body.”
 
 Kennedy v. Powell,
 
 401 So.2d 453, 457 (LaApp. 2 Cir.1981). Mr. Greemon’s initial pleading brought an appeal of the Civil Service Board’s action, but as we have found, the initial pleading did not state a cause of action under the Open Meetings Law. After filing what was substantively a civil service appeal,
 
 [8]
 
 it appears this case remained dormant until Mr. Greemon filed a motion for summary judgment, which for the first time contained an allegation of material fact to support a cause of action under the Open Meetings Law. Therefore, the district court erred in granting relief under the Open Meetings Law, because the claim had not been presented timely.
 
 [9]
 

 11fiWe therefore reverse the grant of summary judgment, and remand this case to the trial court for further proceedings consistent with this opinion. Because our review of the record convinces us that the claim was untimely, we pretermit consideration of all other issues raised in these consolidated writ applications. Furthermore, because we find that Mr. Greemon was untimely in asserting a cause of action for the Civil Service Board failure to vote to enter into executive session, we do not reach the issue of whether such a failure would be sufficient grounds to nullify the Board’s decision. However, we do not condone the Civil Service Board’s apparent failure to formally vote, and urge careful compliance with the Open Meetings Law.
 

 CONCLUSION
 

 Because Mr. Greemon failed to bring a timely claim under the Open Meetings Law, the district court erred in granting summary judgment under that law. The judgment of the district court granting Mr. Greemon’s motion for summary judgment and voiding the Civil Service Board’s action is therefore reversed. This matter is
 
 *1273
 
 remanded to the district court for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . By 2010 La. Acts No. 861, § 23, former Louisiana Revised Statutes 42:4.1 through 42:9 were redesignated as Revised Statutes 42:11 to 42:24, and the redesignated statutes were formally given the short title of the "Open Meetings Law." Throughout this opinion, we refer to the earlier numerical designations because they were effective during the relevant events here. However, for simplicity, this opinion often employs the new formal designation of "Open Meetings Law" to refer in general terms to the earlier statutory framework then in effect. Even before the formal designation of “Open Meetings Law,” the statutory framework has long been described by that title.
 
 See, e.g., Phillips
 
 v.
 
 Board of Supervisors of Louisiana State University and Agricultural and Mechanical College,
 
 391 So.2d 1217 (La.App. 1 Cir.1980) (noting that the statutory framework was “commonly referred to as the 'Sunshine Law' or 'Open Meeting Law’.”).
 

 [2]
 

 . LSA-R.S. 33:2476 is not an Open Meetings Law statute, but a civil service statute. Quoted,
 
 infra.
 

 [3]
 

 . Lower courts have held that the 60-day period is peremptive, not prescriptive.
 
 Sandi's II, Ltd. v. Assumption Parish Police Jury,
 
 01-2819 (La.App. 1 Cir. 12/31/02), 837 So.2d 124, 127;
 
 Hoffpauir v. State, Dept. of Public Safety and Corrections,
 
 99-1089, p. 4 (La.App. 1 Cir. 6/23/00), 762 So.2d 1219, 1222;
 
 Norwood v. Layrisson,
 
 451 So.2d 1338, 1339 (La.App. 1 Cir.1984);
 
 Kennedy v. Powell,
 
 401 So.2d 453, 457 (La.App. 2 Cir.1981). Because there is no question of whether any event interrupted or suspended this time period, it is unnecessary for us to decide here whether the period is prescriptive or peremp-tive.
 

 [4]
 

 . "Viva voce” is defined as: "With the living voice; by word of mouth.” Black’s Law Dictionary 1573 (6th ed.1990).
 

 [5]
 

 . Even if Mr. Greemon’s initial pleading had described the meeting as "illegal,” it is well-established that the "mere conclusion” of a violation of the law is insufficient to "set forth a cause or right of action."
 
 Montalvo,
 
 637 So.2d at 131 (finding allegations that a Dial-practice suit against an attorney was " ‘frivolous’ and was instigated and continued in 'bad faith' are mere conclusions unsupported by facts” and, therefore, the attorney failed to state a cause of action for malicious prosecution). Therefore, under Louisiana's system of fact pleading, even if Mr. Greemon had described the meeting as "illegal,” in that assertion alone he has not satisfied the requirement of pleading anything material.
 

 [6]
 

 . Relators argue that a non-public session was also authorized under LSA-R.S. 42:6.1(A)(4), which allowed non-public sessions for "[i]investigative proceedings regarding allegations of misconduct.” Because we have found that the justification stated in the first part of the statute,
 
 Le.,
 
 LSA-R.S. 42:6.1(A)(1) (allowing non-public discussions of a person's "professional competence”) applies here, it is unnecessary for us to determine whether Mr. Greemon’s civil service hearing was an investigative proceeding within the meaning of LSA-R.S. 42:6.1(A)(4).
 

 [7]
 

 . Of course, this is not to say that citing the law a party believes to be applicable is somehow inappropriate or unhelpful. However, in the absence of a specific requirement, under the general fact-pleading system, a party’s citation to the law does not control: "Under the system of fact pleading established by La. Code Civ. Proc. Ann. art. 891 and other codal articles, plaintiffs are not required to specifically label a claim or special defense as such.... Plaintiffs should be awarded any recovery allowable under any legal theory justified by the facts the plaintiff has alleged in his or her petition." 2 Judge Steven R. Plot-kin & Mary Beth Akin, Louisiana Practice Series: Louisiana Civil Procedure, Article 926, Commentary (4)(C)(3) (2010).
 

 [8]
 

 . While we find that Mr. Greemon's initial district court pleading did not state a cause of action under the Open Meetings Law, the parties are in apparent agreement that Mr. Greemon had lodged a civil service appeal via his initial pleading. We also agree that Mr. Greemon lodged a civil service appeal.
 
 See
 
 LSA-C.C.P. art. 865, "Every pleading shall be so construed as to do substantial justice.”
 
 See also
 
 La. Const. art. V, § 16 ("A district court shall have appellate jurisdiction as provided by law.”);
 
 Baton Rouge Police Dept. v. Robinson,
 
 2009-1571 (La.App. 1 Cir. 4/30/10), 38 So.3d 993, 996 ("The district court’s review of the Board’s quasi-judicial administrative determination is an exercise of appellate jurisdiction.”).
 

 [9]
 

 . In his brief to this court, Mr. Greemon concedes that if — as we have found — his motion for summary judgment is the first time that he stated a claim under the Open Meetings Law, "the Court would have no choice but to hold that Mr. Greemon's claim is outside the sixty (60) day ... period set forth in the Open Meetings Law.” In addition to LSA-R.S. 42:9, which contained the 60-day limitations period, another statute also was apparently designed to ensure that Open Meetings Law claims are adjudicated quickly. Specifically, LSA-R.S. 42:12(B) provided that Open Meetings Law enforcement proceedings "shall be tried by preference and in a summary manner.”