McDonald, j.
I ¡>This is an appeal of a judgment in which the juvenile court declined to retain jurisdiction over H.W.’s case because it found that Louisiana Children’s Code article 724(A) was not retroactive and, thus, was not applicable to the instant case. For the following reasons we affirm the juvenile court’s decision.
FACTS
In 2006, H.W. (along with her half brother), was removed from the custody of her parents and placed into the custody of the State. On January 4, 2007, after the parents failed to comply with the reunification plan, the Twenty-First Judicial District Court, which was sitting as a juvenile court at the time, granted legal guardianship of H.W. to her paternal grandparents. The district court stated that the disposition remained in effect until the child’s *1202 eighteenth birthday or until modification by the court. The judgment ordered that the Department of Social Services terminate supervision of H.W. and be allowed to close the case.
Subsequently, a juvenile division was created in the Twenty-First Judicial District Court. On April 26, 2012, the State filed a motion in juvenile court to modify the disposition, seeking to return custody to H.W.’s father.[1] The motion was set for hearing on June 14, 2012. At the hearing, the State dismissed the motion, and the juvenile court relinquished jurisdiction over the case. A motion for new trial was filed by H.W., and a hearing was held on August 21, 2012. The juvenile court found that La. Ch.C. art. 724(A) was substantive, not procedural, and therefore was neither retroactive nor applicable to this case. The juvenile court further found that it was proper to relinquish jurisdiction of the matter to the [¡¡district court for proceedings before a civil judge. H.W. appealed that judgment. The State and H.W.’s mother filed briefs in opposition to the appeal.
On appeal, H.W. asserts two assignments of error:
1. The trial court erred in relinquishing jurisdiction over the modification of a guardianship previously ordered in a Child in Need of Care case.
2. The trial court erred in finding that Louisiana Children’s Code article 724(A) does not apply to the modification of guardianships that were originally granted prior to 2011.
ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
H.W.’s assignments of error assert that the trial court erred by not applying La. Ch.C. art. 724(A) to H.W.’s case and erred in relinquishing jurisdiction. Louisiana Children’s Code article 724 states in pertinent part:
A. The court shall retain jurisdiction to enforce, modify, or terminate a guardianship order until the child obtains eighteen years of age.
B. The department, counsel for the child, the guardian, a parent permitted to intervene under Article 707, or the court on its own motion may seek to enforce, modify or terminate a guardianship order.
C. A guardianship order may be enforced in accordance with the contempt provisions of Chapter 2 of Title XV of this Code.
D. A guardianship order may be modified or terminated if the court finds by clear and convincing evidence that there has been a substantial and material change in the circumstances of the guardian or child because of any of the following:
(1) The guardian no longer wishes to serve or can no longer serve as guardian of the child.
(2) Continuation of the guardianship is so deleterious to the child as to justify a modification or termination of the relationship or the harm likely to be caused from a change in the guardianship is substantially outweighed by the advantages to the child of the modification.
Louisiana Children’s Code article 724 created the motion to modify a guardianship. However, a motion to modify guardianship under article 724 has never been *1203 filed in this case. The two motions that were filed and heard by the 14juvenile court were a motion to modify disposition and a motion for new trial. A motion to modify disposition is provided for in La. Ch.C. art. 714. The State filed this motion in April 2012. The State had the ability to file a motion to modify guardianship at the time it filed the motion to modify disposition because the new guardianship statutes were enacted in 2011, but the State failed to do so.
Louisiana uses fact pleading, so we must look at the contents of the pleading, not necessarily the name of the pleading. See Greemon v. City of Bossier City, 2010-2828 (La.7/1/11), 65 So.3d 1263, 1268. The remedy sought by H.W. is in line with a modification of a disposition rather than a modification of guardianship. In the State’s motion to modify disposition, the State asked the court to place H.W. in the custody of her father, which is a change of disposition. At the hearing, the mother stated that she wanted custody of the child as well. Louisiana Children’s Code article 681 provides the dispositional alternatives that a court may grant for a child adjudicated to be in need of care. The dispositions are as follows:
(1) Place the child in the custody of a parent or such other suitable person on such terms and conditions as deemed in the best interest of the child including but not limited to the issuance of a protective order pursuant to Article 618.
(2) Place the child in the custody of a private or public institution or agency.
(3) Commit a child found to be mentally ill to a public or private institution for the mentally ill.
(4) Grant guardianship of the child to a nonparent.
(5) Make such other disposition or combination of the above dispositions as the court deems to be in the best interest of the child.
La. Ch.C. art. 681 (emphasis ours.)
Through its motion, the State asked the court to put the child in the custody of the father, so the State’s motion is a request to modify a disposition instead of a modification of guardianship. Thus, La. Ch.C. arts. 713-717 are applicable rather than the guardianship articles 718-724. See State ex rel. E.F., Jr., 2010-1185 (La.App. 1 Cir. 10/29/10), 49 So.3d 575, 585(holding that when a guardianship is granted the parents have a right to file a motion to modify disposition if they wish to regain custody).[2] Thus, article 724 does not apply in this case because the State filed a motion to modify disposition under article 714.
Since article 724 does not apply to this appeal, the general jurisdiction articles of the Louisiana Children’s Code apply. Louisiana Children’s Code article 309 provides in pertinent part:
A. Except as provided in Article 313, a court exercising juvenile jurisdiction shall have continuing jurisdiction over the following proceedings and the exclusive authority to modify any custody determination rendered, including the consideration of visitation rights:
(1) Child in need of care proceedings pursuant to Title VI.
*1204 As stated above, article 309 is limited by La.Ch.C. art. 313, which provides in pertinent part:
A. A court exercising juvenile jurisdiction no longer exercises such jurisdiction in any proceeding authorized by this Code upon:
(1) Declination of jurisdiction.
(Emphasis ours.)
The juvenile court held a hearing on the motion to modify disposition. At that time, the motion to modify disposition was dismissed, and the juvenile court declined to exercise continuing jurisdiction based on the fact that article 724(A) was substantive and not retroactive. Thus, according to articles 309 and 313, the juvenile court no longer exercises jurisdiction over this proceeding because the trial judge declined jurisdiction.
Even if article 724 applied to this case, the result would remain the same. A law can be classified as procedural, substantive, or interpretive. See La. C.C. art. 6. To determine if a law can be applied retroactively, the law must be classified | fiinto one of these groups. In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary. La. C.C. art. 6. We have a two-step analysis to decide if a law-applies retroactively. First, if the legislature expresses a desire to apply a law retroactively or to apply it prospectively only, then the law will be applied according to that legislative intent. Second, if there is no legislative expression, the law must be classified as substantive, procedural or interpretive and applied as retroactive or prospective according to article 6. See Cole v. Celotex Corp., 599 So.2d 1058, 1063-64 (La.1992).
Interpretive laws do not create new rules, but merely establish the meaning that the interpretive statute had from the time of its enactment. St. Paul Fire & Marine Ins. Co. v. Smith, 609 So.2d 809, 817 (La.1992). Article 724 is an entirely new statute that provides for the modification of guardianships. There was no statute that provided for a modification of guardianship prior to the enactment of article 724. The legislature did not clarify, modify, or revise an old law. Thus, article 724 is not interpretive.
Substantive laws either establish new rules, rights and duties, or change existing ones. Id. Procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws. Segura v. Frank, 93-1271 (La.1/14/94), 630 So.2d 714, 723. However, procedural and remedial laws are not accorded retroactive effect where such retroactivity would operate unconstitutionally to disturb vested rights. Lott v. Haley, 370 So.2d 521, 523 (La.1979).
Subsection A of article 724 is procedural because it states that a court shall obtain jurisdiction that relates to the form of the proceedings. See Segura, 630 So.2d at 723. However, the rest of the statute must be analyzed because, as stated 17above, if applying this procedural law divests vested rights then it cannot be applied retroactively.
Subsections B, C, and D of article 724 provide for who can file a motion for modification of a guardianship, and they provide the burden of proof that must be met to modify or terminate a guardianship. The comments to the statute, although not law, are of some help in the determination of the classification of this statute. Comment (b) makes a note about article 724(B). It states that this paragraph is *1205 intended to preclude a parent from having this right of action unless the parent first is able to demonstrate good cause that intervention is warranted. Thus, article 724(B) creates an entirely new right to modify a guardianship. The only right that was available before the enactment of article 724 was a motion to modify a disposition, which still exists today. See La. Ch.C. art. 714. This is indicative that the law is substantive. Also, subsection D creates the requirements for modification of a guardianship, which did not exist before the enactment of article 724. In accordance with the definition of substantive law, article 724 creates new rights. Thus, subsections B, C, and D of article 724 are substantive.
Appellant argues that article 724(A) is severable from the rest of the statute for retroactivity purposes just as statutes can be severed if one subsection is deemed unconstitutional. See La. R.S. 24:175. Appellant argues, a pari, that subsection A is procedural, so it can be applied retroactively even though the rest of the statute is substantive. Thus, according to the appellant, the court erred when it relinquished jurisdiction because the statute states that the court shall retain jurisdiction.
While an interesting argument, the appellant cites authority pertaining to the constitutionality of a statute and cites no persuasive authority or policy to sever a statute for retroactivity purposes. Applying subsection A would only cause great confusion and would lead to a dead end for the trial judge. If subsection A alone |8was applied retroactively, the trial court would have to apply subsections B, C, and D in order to successfully modify the guardianship. However, subsections B, C, and D cannot be applied retroactively because they are a substantive change in the law. See St. Paul Fire & Marine Ins. Co., 609 So.2d at 817. The court would be forced to retain jurisdiction but would have no way of modifying the guardianship because it cannot apply subsections B, C, and D retroactively to the facts of this case. Thus, this court is not willing to extend severability to retroactivity principles.
DECREE
Therefore, for the foregoing reasons, the district court judgment is affirmed. Costs of the appeal, in the amount of $548.00, are assessed one-half to the appellant and one-half to the appellees.
AFFIRMED.
KUHN, J., dissents & assigns reasons.
PETTIGREW, J., concurs with the results and assigns reasons.

. The paternal grandparents had requested the modification, as they were in poor health, H.W.'s father allegedly had rectified the conditions that led to their guardianship, and H.W. allegedly wanted to live with her father and his wife.

. State ex rel. E.F., Jr. was decided before the guardianship revision in 2011, so a motion to modify disposition was the only remedy at the time. However, this is exactly what the State is requesting in this case through its motion. It requested that H.W. be returned to her father through a motion to modify disposition, and never filed a motion to modify guardianship.