NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-411

BCM, L.L.C., ET AL.

VERSUS

ROY CLIFTON CHEATWOOD, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2009-2807
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.

AFFIRMED.

Scott Webre
Scott Webre, APLC
102 Versailles Boulevard, Suite 310
Lafayette, LA 70501
 (337) 237-5051
COUNSEL FOR PLAINTIFFS-APPELLANTS:
    BCM, L.L.C.
    Nawlins Kajun Foods, L.L.C.

**Lawrence P. Simon, Jr.**
**Joseph C. Giglio, Jr.**
**Renee Z. Berard**
**Liskow & Lewis**
**P. O. Box 52008**
**Lafayette, LA 70505-2008**
**(337) 232-7424**
**COUNSEL FOR DEFENDANTS-APPELLEES:**
    **Roy C. Cheatwood**
    **Nancy Scott Degan**
    **Baker, Donelson, Bearman, Caldwell& Berkowitz,**
        **A Professional Corporation**


**Richard C. Stanley**
**William M. Ross**
**Stanley, Reuter, Ross,**
**Thornton & Alford, LLC**
**909 Poydras Street, Suite 2500**
**New Orleans, LA 70112**
**(504) 523-1580**
**COUNSEL FOR DEFENDANTS-APPELLEES:**
    **Roy C. Cheatwood**
    **Nancy Scott Degan**
    **Baker, Donelson, Bearman, Caldwell & Berkowitz,**
        **A Professional Corporation**

**PICKETT, Judge.**

Plaintiffs appeal the trial court's grant of summary judgment dismissing their claims for legal malpractice. We affirm.

## FACTS

BCM, L.L.C. ("BCM") and Nawlins Kajun Foods, L.L.C. ("Nawlins") appeal the dismissal of their legal malpractice claims against their former attorneys, Roy Cheatwood, Nancy Degan, and Baker, Donelson, Bearman, Caldwell & Berkowtiz, A Professional Law Corporation, and their attorneys' insurer. The defendants were engaged by the plaintiffs as counsel in prior litigation captioned *Walter A. Glod, Jr., MD vs. W. Gregory Baker*, Docket No. 97-5864 in the Fifteenth Judicial District Court for the Parish of Lafayette ("*Glod*").

In *Glod*, BCM and Nawlins were among the plaintiffs who sued Copeland's of New Orleans ("Copeland's") and its principals, including Al Copeland and William Copeland, for damages totaling over $14 million dollars based upon the termination of two Copeland's restaurant franchises. BCM and Nawlins claimed they relied to their detriment on the actions and inactions of Copeland's and its principals in investing significant sums of money to open and continue operating the restaurants. They also claimed Copeland's and its principals approved, by their conduct, acceptance, and silence over the years, actions of the franchisees that were later cited as grounds to terminate the franchise agreements. Lastly, the plaintiffs claimed Copeland's and its principals had taken and used their property without consent to continue operating the restaurants after the franchises were terminated.

In early December 2006, a jury trial was conducted on BCM and Nawlins' claims for detrimental reliance and conversion. At the conclusion of the trial, the trial court instructed the jury on detrimental reliance, in pertinent part:

> The first thing you have to know about is the theory of detrimental reliance. To prove detrimental reliance under the law, a party must show by a preponderance of the evidence, or the weight of the evidence more probably than not, three things: one, that a representation exists by conduct or word; two, that there's justifiable reliance; three, that there is a change in position to one's detriment because of that reliance.
>
> Now, the reliance of a party on another may also be based on silence or inaction; but, in those cases, the party claiming detrimental reliance cannot avail himself of the silence or inaction of the other party if he had actual knowledge or a ready and convenient means of learning the true facts circumstance, or understanding of the parties but failed to do so.

After deliberations began, the jury sent a request to the trial court, seeking clarification of the definition of detrimental reliance in "layman terms," including "1) representation by conduct or word; 2) justifiable reliance[;] and 3) a change in position to one's detriment because of the reliance."

After discussion with counsel, the trial court issued this supplemental instruction (emphasis added):

> Under the detrimental reliance doctrine in Louisiana law, a **party** is permitted to recover for economic harm whenever the **defendant** made a representation by word or conduct upon which the **plaintiff** justifiably relied and because of which the **plaintiff** changed his position to his detriment. This is because the basis of the detrimental reliance doctrine is designed to prevent injustice by barring or stopping a **party** from taking a position contrary to his prior acts, admissions, representations, or silence.
>
> Okay. The law states that, when silence is asserted as grounds for detrimental reliance, a duty to speak must exist. For such a duty to speak to exist, there must be proof that: one, the defendant had the opportunity to speak or act; two, the defendants had full knowledge of the facts, circumstances, and understandings between the parties; three, the defendant intended to mislead or at least had a willingness that the plaintiff be deceived; four, the plaintiff must have been

2

ignorant of and without convenient or ready means of learning the true facts, circumstances, and understandings of the parties; and, five, the plaintiff must have been misled into doing what he would not have done except for the silence of the defendant.

The defendants did not object to the original or the supplemental instructions, and the first paragraph of the trial court's supplemental instruction was actually included in BCM and Nawlins' proposed jury instructions.

After the supplemental instruction was given, the jury returned to deliberations and thereafter returned a verdict denying BCM and Nawlins' claims for detrimental reliance but awarding them damages on their conversion claims. The defendants filed a motion for judgment notwithstanding the verdict and in the alternative, for new trial. In their motion, the defendants urged the use of the term "party" to refer to "the defendant" in one sentence of the supplemental instruction and then to refer "the plaintiff" in the following sentence confused the jury such that BCM and Nawlins were entitled to a new trial. The trial court denied the motion, and this court refused to consider their assignment of error pertaining to this instruction because the defendants did not object to the portion of the supplemental jury instruction that is the basis of this appeal. *Glod v. Baker*, 08-355 (La.App. 3 Cir. 11/19/08), 998 So.2d 308, *writ denied*, 08-2937 (La. 2/20/09), 1 So.3d 497.

BCM and Nawlins filed this suit, claiming the defendants committed malpractice in *Glod.* They argue (1) the jury instructions on detrimental reliance in *Glod* were incorrect and/or confused or misled the jury such that the jury could not render a fair and informed verdict on the evidence and (2) the defendants' failure to object to the instructions constituted legal malpractice. The defendants answered the suit and filed a counterclaim against BCM and Nawlins, seeking

3

payment of the legal fees BCM and Nawlins incurred in *Glod*. The defendants then filed a motion for partial summary judgment, asserting the jury instructions were legally correct and, therefore, not confusing or misleading. BCM and Nawlins filed a cross motion for summary judgment, urging the instructions were incorrect and/or confused or mislead the jury. The trial court granted summary judgment in favor of the defendants and dismissed BCM and Nawlins' claims against them; it denied BCM and Nawlins' motion for summary judgment. The trial court certified the judgment dismissing BCM and Nawlins' claims as final; they appealed.[1]

## ASSIGNMENTS OF ERROR

BCM and Nawlins' assign three errors. Pursuant to their assignments of errors, we must decide whether the trial court erred in (1) holding the jury instructions on detrimental reliance, which by the defendants' own admission confused the jury, were legally correct and did not require the defendants to object and (2) granting summary judgment in favor of the defendants.

## DISCUSSION

*Summary Judgment*

Appellate courts review summary judgments de novo, using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. *Greemon v. City of Bossier City*, 10-2828, 11-39 (La. 7/1/11), 65 So.3d 1263. A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

[1] Before the hearing on the parties' motions for summary judgment was held, the parties resolved their fee dispute; BCM and Nawlins reserved their rights regarding their malpractice claims against the defendants.

affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). The initial burden of proof is on the movant to show that no genuine issue of material fact exists. La.Code Civ.P. art. 966(C)(2). Unless the mover will bear the burden of proof at trial, he need not negate all essential elements of the adverse party's claim, but he must point out that there is an absence of factual support for one or more elements essential to the claim. *Id.* Once the movant has met his initial burden of proof, the burden shifts to the adverse party "to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial." *Id.*

### *Legal Malpractice*

BCM and Nawlins claim the defendants committed legal malpractice when they failed to object to the trial court's jury instructions on detrimental reliance. To prove their claim, BCM and Nawlins had to produce "evidence sufficient to convince a reasonable trier of fact of (1) the existence of an attorney-client relationship; (2) negligent representation by the attorney; and (3) loss caused by that negligence" and had to prove the defendants "failed to 'exercise at least that degree of care, skill, and diligence which is exercised by prudent practicing attorneys in [their] locality.'" *MB Indus., LLC v. CNA Ins. Co.*, 11-303, 11-304, p. 15 (La. 10/25/11), 74 So.3d 1173, 1184 (quoting *Ramp v. St. Paul Fire & Marine Ins. Co.*, 263 La. 774, 786, 269 So.2d 239, 244 (1972)).

BCM and Nawlins argue (1) the trial court's jury instructions on detrimental reliance were incorrect and/or confused or misled the jury and (2) the defendants' failure to object to the instructions constitutes legal malpractice. In *Adams v. Rhodia, Inc.*, 07-2110, pp. 5-8 (La. 5/21/08), 983 So.2d 798, 804-05 (citations

omitted), the supreme court discussed the law and principles applicable to a trial court's responsibility when instructing a jury and the responsibility of appellate courts when reviewing those instructions, stating:

> Louisiana Code of Civil Procedure article 1792(B) requires the trial court to instruct jurors on the law applicable to the cause submitted to them. The trial court is responsible for reducing the possibility of confusing the jury and may exercise the right to decide what law is applicable and what law the trial court deems inappropriate.
>
> Adequate jury instructions are those which fairly and reasonably point out the issues and which provide correct principles of law for the jury to apply to those issues. The trial judge is under no obligation to give any specific jury instructions that may be submitted by either party; the judge must, however, correctly charge the jury. If the trial court omits an applicable, essential legal principle, its instruction does not adequately set forth the issues to be decided by the jury and may constitute reversible error.
>
> Correlative to the judge's duty to charge the jury as to the law applicable in a case is a responsibility to require that the jury receives only the correct law.
>
> . . . Trial courts are given broad discretion in formulating jury instructions[,] and a trial court judgment should not be reversed so long as the charge correctly states the substance of the law. . . .
>
> . . . [W]hen a jury is erroneously instructed and the error probably contributed to the verdict, an appellate court must set aside the verdict. In the assessment of an alleged erroneous jury instruction, it is the duty of the reviewing court to assess such impropriety in light of the entire jury charge to determine if the charges adequately provide the correct principles of law as applied to the issues framed in the pleadings and the evidence and whether the charges adequately guided the jury in its deliberation. Ultimately, the determinative question is whether the jury instructions misled the jury to the extent that it was prevented from dispensing justice.
>
> Determining whether an erroneous jury instruction has been given requires a comparison of the degree of error with the jury instructions as a whole and the circumstances of the case. Because the adequacy of [a] jury instruction must be determined in the light of jury instructions as a whole, when small portions of the instructions are isolated from the context and are erroneous, error is not necessarily prejudicial. Furthermore, the manifest error standard for appellate review may not be ignored unless the jury charges were so

6

incorrect or so inadequate as to preclude the jury from reaching a verdict based on the law and facts. Thus, on appellate review of a jury trial the mere discovery of an error in the judge's instructions does not of itself justify the appellate court conducting the equivalent of a trial *de novo*, without first measuring the gravity or degree of error and considering the instructions as a whole and the circumstances of the case.

The supreme court's explanation indicates jury instructions are not reviewed to determine whether they confused or misled the jury unless they are erroneous. *See also Wooley v. Lucksinger*, 09-571, 09-584, 09-585, 09-586 (La. 4/1/11), 61 So.3d 507; *Brewer v. J.B. Hunt Transport, Inc.*, 09-1408, 09-1428 (La. 3/16/10), 35 So.3d 230; *Nicholas v. Allstate Ins. Co.*, 99-2522 (La. 8/31/00), 765 So.2d 1017.

The doctrine of detrimental reliance is codified in La.Civ.Code art. 1967 which provides, in pertinent part:

A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.

In its initial instruction, the trial court set out the basic legal elements of detrimental reliance but did not quote La.Civ.Code art. 1967. The trial court sought to clarify its initial instruction by further addressing the doctrine as the fourth circuit had in its discussion of the doctrine in *Babkow v. Morris Bart, P.L.C.*, 98-256 (La.App. 4 Cir. 12/16/98), 726 So.2d 423. In *Babkow*, the fourth circuit combined the manner in which two different sources addressed the doctrine. It first stated how the doctrine works, allowing a plaintiff to recover when it justifiably relied on another to its detriment, then stated the purpose of the doctrine, preventing injustice. Both statements are correct.

We have reviewed the entirety of the trial court's initial and supplemental jury instructions and find the instructions correctly stated the law on detrimental reliance. The instructions did not quote Article 1967 or set forth the purpose of the doctrine as the courts did in *Suire v. Lafayette City-Parish Consolidated Government*, 04-1459, 04-1460, 04-1466 (La. 4/12/05), 907 So.2d 37; *Dugas v. Guillory*, 97-398 (La.App. 3 Cir. 10/7/98), 719 So.2d 719, *writ denied*, 95-2281 (La. 11/27/95), 663 So.2d. 728, and as BCM and Nawlins contend they should have. The instructions did, however, set out the correct principles of law applicable to the facts of this case.

BCM and Nawlins cite cases in which they claim courts determined a confusing or misleading instruction that is legally correct can serve as the basis for overturning a jury verdict as support for their position. They fashion their argument around select sentences or phrases in the courts' discussions of jury instructions. None of the cited cases support their arguments. *See, e.g., Wooley*, 61 So.3d 507; *Jones v. St. Francis Cabrini Hosp.*, 94-2217 (La. 4/10/95), 652 So.2d 1331; *Evangeline Farmers Coop. v. Fontenot*, 565 So.2d 1040 (La.App. 3 Cir. 1990); *Miller v. Fogleman Truck Lines, Inc.*, 398 So.2d 634 (La.App. 3 Cir.), *writ denied*, 401 So.2d 358 (La.1981); *Phillips v. Skate Country E.*, 420 So.2d 730 (La.App. 4 Cir.), *writ denied*, 423 So.2d 1162 (La.1982).

Review of *Jones* and *Phillips* reveals the error of BCM and Nawlins' claims. In *Jones*, 652 So.2d 1331, a medical malpractice case, the trial court correctly instructed the jury it did not have to make a finding as to the defendant hospital's liability because the hospital had admitted liability. It also instructed that the plaintiff, who sought damages for a hip separation and rectal perforation, had "to demonstrate what *damages by kind and by seriousness*" were caused by the

defendant's negligence. *Id*. at 1334. In closing arguments, however, the defendant argued it did not admit liability for both injuries the plaintiff claimed to have suffered as a result of the negligence. The supreme court held:

> Although the trial court's jury instruction, when taken as a whole, was not an erroneous statement of the law, certain language used in the instruction, especially if viewed in light of the PCF's closing argument, had the potential to mislead the jury. *The combination of these facts with the jury's internally inconsistent jury verdict leads to the conclusion that no weight should be accorded to the jury verdict.*

*Id*. at 1335 (emphasis added). The defendant's misrepresentation of the facts in its closing argument, not the jury instructions, created the reversible error.

In *Phillips*, 420 So.2d 730, the trial court correctly set forth the principles of assumption of the risk; however, it failed to instruct the jury that a "skate at your own risk" sign posted at the rink did not relieve the skate rink owner of his negligence. The fourth circuit determined this failure "constituted an omission of an essential legal principle" that misled the jury and concluded the jury's verdict was subject to reversal, but only if it was clearly wrong under the facts of the case. *Id*. at 733.

The trial court's initial and supplemental instructions on detrimental reliance were legally correct and correct under the facts of the case. Accordingly, the instructions were adequate. Moreover, when considered in the context of the instructions as a whole, the complained of sentences make sense and are not confusing. As is often the case in hindsight view, the instructions might have been better constructed; however, they were neither incorrect nor confusing. The trial court correctly granted of summary judgment in favor of the defendants.

9

*Motion to Strike*

We have reviewed BCM and Nawlins' motion to strike the defendants' reply brief and agree with the defendants' that no basis exists for the brief to be stricken. As in all litigation, the defendants, as well as BCM and Nawlins, have recited and/or interpreted the facts as viewed from their position. This court has independently reviewed the facts and considered the facts and the law as to all issues presented. We are well aware that litigation often results in contention among the parties and zealous representation by attorneys of their clients and have reviewed the motion from this perspective. We find no representations that warrant sanctions.

## DISPOSTION

The judgment of the trial court granting summary judgment in favor of the defendants and dismissing BCM and Nawlins' claims against them is affirmed. BCM and Nawlins' motion to strike is denied. All costs of this appeal are assessed to BCM, L.L.C. and Nawlins Kajun Foods, L.L.C.

**AFFIRMED**.