# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-678


**ANDREA GARY, ET AL.**

**VERSUS**

**ALLSTATE INS. CO., ET AL.**



**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-472-16
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Billy Howard Ezell, Shannon J. Gremillion, and D. Kent Savoie, Judges.


**AFFIRMED.**

**Paul J. Tellarico**
**Tellarico Law Firm**
**P. O. Box 12967**
**Alexandria, LA 71315**
**(318) 787-6603**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
 **Andrea Gary**
 **Brian Lynette**
 **A. Gary & B. Lynette on behalf of Jawon Lynette**

**Christopher Parnell Lawler**
**Donovan & Lawler**
**4640 Rye Street, Suite 100**
**Metairie, LA 70006**
**(504) 454-6808**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
 **Allstate Insurance Company**
 **Post No. 19 of the American Legion of Jennings, LA**
 **James O. Hall**

**Brent A. Hawkins**
**Hawkins Kee Law Group**
**1417 Hodges Street**
**Lake Charles, LA 70601**
**(337) 210-8811**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
 **Andrea Gary**
 **Brian Lynette**
 **A. Gary & B. Lynette on behalf of Jawon Lynette**

**Raven Lachelle Neal**
**In Proper Person**
**517 S. Doyle St.**
**Jennings, LA 70546**

**EZELL, Judge.**

Andrea Gary and Brian Lynette appeal the decision of the trial court granting summary judgment in favor of the James O. Hall Post 19 of the American Legion of Jennings (the Post) and its insurer, Allstate Insurance Company. For the following reasons, we affirm the decision of the trial court.

This appeal arises form a tragic shooting that occurred after a fight broke out at a back-to-school party on August 8, 2015. The minor child of Raven Neal is alleged to have rented the Post to hold the party. At that time, the Post did not advertise or require contracts to rent their space, but would rent their empty building for parties, reunions, and the like, for a flat fee of $100. The Post only provided the space. No food, drinks, alcohol, or security were supplied by the Post.

The party was advertised by a minor on social media as providing free liquor, unbeknownst to the Post. The party was attended mainly by minors from Jennings and chaperoned by parents, who allegedly provided some alcohol. When a group of students from nearby Welsh entered the party, a fight broke out. The Welsh group was told to leave, but returned thirty to forty minutes later, re-entering through a back door and starting another fracas. After the second fight was broken up, the party was declared over and people left the building. A third round of fights erupted and spilled into the streets in front of the Post. There, Jawon Lynette, the minor son of Ms. Gary and Mr. Lynette, was shot by one of the youths from Welsh.

Jawon's parents filed suit, alleging that the Post was negligent in failing to provide security for the party. The Post and Allstate moved for summary judgment, claiming they had no duty to protect against unforeseen criminal acts of third

parties. The trial court agreed, granted their motion for summary judgment and dismissed Ms. Gary's claims against them. From that decision, Ms. Gary appeals.

On appeal, Ms. Gary asserts one assignment of error, claiming that the trial court erred in granting summary judgment in favor of the Post. We disagree.

A moving party is entitled to summary judgment when it shows that there are no genuine issues of material fact and that it "is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). Summary judgment is favored by law and provides a vehicle by which "the just, speedy, and inexpensive determination" of an action may be achieved. La.Code Civ.P. art. 966(A)(2).

> Appellate courts review summary judgments de novo under the same criteria that govern a district court's consideration of whether summary judgment is appropriate. *Greemon v. City of Bossier City*, 2010-2828 (La. 7/1/11), 65 So.3d 1263, 1267; *Samaha v. Rau*, 2007-1726 (La. 2/26/08), 977 So.2d 880, 882; *Allen v. State ex rel. Ernest N. Morial–New Orleans Exhibition Hall Authority*, 2002-1072 (La. 4/9/03), 842 So.2d 373, 377. In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor. *Hines v. Garrett*, 2004-0806 (La. 6/25/04), 876 So.2d 764, 765. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. *Id.* at 765–66.

> On motion for summary judgment, the burden of proof remains with the movant. However, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. *See* La. C.C.P. art. 966(D)(1); *see also Schultz v. Guoth*, 2010-0343 (La. 1/19/11), 57 So.3d 1002, 1006.

*Larson v. XYZ Ins. Co.*, 16-745, pp. 6-7 (La. 5/3/17), 226 So.3d 412, 416.

Ms. Gary has filed a claim of general negligence against the Post. In order for liability to attach under the general negligence principles of La.Civ.Code art. 2315, five separate elements must be shown by a plaintiff:

> (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard of care (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of the protection element); and (5) actual damages (the damage element).

*Fredericks v. Daiquiris & Creams of Mandeville, L.L.C.,* 04-567, p. 4 (La.App. 1 Cir. 3/24/05), 906 So.2d 636, 639, *writ denied*, 05-1047 (La. 6/17/05), 904 So.2d 706. "Duty is a question of law." *Id.* When no factual dispute exists, the legal question of the existence of a duty may be appropriately addressed by summary judgment. *Boland v. West Feliciana Parish Police Jury*, 03-1297 (La.App. 1 Cir. 6/25/04), 878 So.2d 808, *writ denied*, 04-2286 (La. 11/24/04), 888 So.2d 231.

> The law recognizes that a property owner has a general duty relative to the safety of persons on his premises to exercise reasonable care and not to expose such persons to unreasonable risks of injury or harm. *Mundy v. Department of Health & Human Resources*, 620 So.2d 811, 813 (La.1993). However, this duty does not extend to the protection of persons on the premises from unforeseen or unanticipated criminal acts of third persons. *Id.* Determining when a crime is foreseeable is a critical inquiry in the duty equation, because it is the foreseeability of the crime on the defendant's property and the gravity of the risk that determine the existence and extent of the defendant's duty. *Pinsonneault v. Merchants & Farmers Bank & Trust Company*, 01–2217, p. 7 (La.4/3/02), 816 So.2d 270, 276. In making this determination, the most important factor to be considered is the existence, frequency and similarity of prior incidents of crime on the premises, although the location, nature and condition of the property should also be taken into account. As the supreme court stated in *Pinsonneault*, "[i]t is highly unlikely that a crime risk will be sufficiently foreseeable for the imposition of a duty to provide security guards if there have not been previous instances of crime on the business' premises." *Id.*

3

*Brown v. Ascension Parish*, 03-1279, 03-1280, pp. 3-4 (La.App. 1 Cir. 8/18/04), 887 So.2d 39, 42, *writ denied*, 04-2335 (La. 12/10/04), 888 So.2d 836 (alteration in original). "Only when the proprietor has knowledge of, or can be imputed with knowledge of, the third party's intended conduct is the duty to protect invoked, triggering the sub-duties discussed above." *Fredericks*, 906 So.2d at 640 (citing *Taylor v. Stewart*, 95-1743 (La.App. 1 Cir. 4/4/96), 672 So.2d 302).

We find this case to be very similar to *Brown*, 887 So.2d 39. There, the Ascension Parish Darrow Community Center had been rented for a high school graduation party. In that case, much like the case at hand, a fight broke out during the party inside the facility. After the fight had settled and the partygoers had gone outside of the building, one man shot and killed another. "Because the evidence did not establish that there was a history of criminal activity sufficient to place the Parish on notice that a shooting might occur on the premises," the first circuit ruled that the trial court's imposition of a duty on the Parish to provide security for the party was legally erroneous. *Id*. at 42.

There is nothing in the brief record before this court that indicates that the Post had any knowledge of, or any reason to know, that drugs and alcohol would be consumed on its premises, let alone that a shooting would occur. There had been no incidents in the Post's nearly one-hundred-year history where police had been called, according to James Richert. Prior incidents of any crimes, let alone crimes as unfortunate as this one, had simply not occurred on the premises of the Post. Thus, as in *Brown*, the evidence did not establish a history of criminal activity sufficient to place the Post on notice that the shooting might take place. Furthermore, the largest difference between this case and *Brown* is that, here, the

4

shooting itself did not occur on the Post's premises at all. Rather, it occurred in the street in front of the building after the party had been shut down, further diminishing any claims Ms. Gary has as to any duty owed by the Post.

Both Raven Neal and Andrea Gary testified that there had been no indications that any trouble had been brewing prior to the party and that the shooting was unforeseen. Neither had seen security as necessary. There is simply no evidence in the record to the contrary. The terrible events of the night in question were unanticipated criminal acts of third parties that the Post had no duty to protect Jawon from. As Ms. Gary has not produced any factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial, there is no genuine issue of material fact and the trial court was correct in granting summary judgment.

For the above reasons, the decision of the trial court below is affirmed. Costs of this appeal are hereby assessed against Ms. Gary and Mr. Lynette.

**AFFIRMED.**