NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-223

DOUCET SERVICES, LLC

VERSUS

CORAN ALBERT, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20183357
HONORABLE MICHELLE M. BREAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, D. Kent Savoie, J. Larry Vidrine, Judges.

AFFIRMED.

---

\* Honorable J. Larry Vidrine participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

Simeon B. Reimonenq, Jr.
Seth A. Schmeeckle
Abigail F. Gerrity
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras St., Suite 2775
New Orleans, LA 70130
(504) 568-1990
COUNSEL FOR DEFENDANT/APPELLEE:
    GeoVera Specialty Insurance Company

Lucretia Pecantte
Attorney at Law
124 W. Washington Street, Suite B
P. O. Box 9010
New Iberia, LA 70562-9010
(337) 374-1202
COUNSEL FOR DEFENDANT/APPELLANT:
    Coran Albert

Christian B. Landry
Landry Law Firm
P. O. Box 3784
Lafayette, LA 70502
(337) 237-7135
COUNSEL FOR PLAINTIFF/APPELLEE:
    Doucet Services, LLC

**EZELL, Judge.**

Coran Albert appeals the decision of the trial court below granting summary judgment in favor of GeoVera Specialty Insurance Company, dismissing his claims seeking insurance coverage. For the following reasons, we hereby affirm the decision of the trial court.

The case before us involves a third-party demand involving an insurance claim for water damage at a rental property (the rental) owned by Mr. Albert and insured by GeoVera. In the main demand, Mr. Albert was sued by Doucet Services, LLC, for payment for remediation work performed at the rental arising from damages occurring when a pipe burst during severe cold weather on or around January 18, 2018. As part of that suit, Mr. Albert filed a third-party demand against GeoVera seeking coverage and payment under his insurance policy. GeoVera in turn filed a motion for summary judgment, claiming that coverage was excluded under the policy, as the rental had been vacant for over thirty days at the time of the damages. After a hearing on the matter, the trial court granted GeoVera's motion for summary judgment, dismissing Mr. Albert's claims against it with prejudice. From that decision, Mr. Albert appeals.

Mr. Albert asserts one assignment of error on appeal, claiming the trial court erred in granting GeoVera's motion for summary judgment. We disagree.

"The interpretation of an insurance policy is normally a question of law." *Armenia Coffee Corp. v. Am. Nat'l Fire Ins. Co.,* 06-409, p. 6 (La.App. 4 Cir. 11/21/06), 946 So.2d 249, 253, *writ denied*, 06-2983 (La. 2/16/07), 949 So.2d 422.

> "An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code." *Cadwallader v. Allstate Ins.* Co., 02-1637, p. 3 (La. 6/27/03), 848 So.2d 577, 580. "Interpretation of a contract is the determination of the common intent

of the parties." La. C.C. art. 2045. "The parties' intent as reflected by the words in the policy determine the extent of coverage." *La. Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 93-0911 (La. 1/14/94), 630 So.2d 759, 763. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. C.C. art. 2046. The words are "given their generally prevailing meaning." La. C.C. art. 2047. However, "[w]ords susceptible of different meanings must be interpreted as having the meaning that best conforms to the object of the contract." La. C.C. art. 2048. "A provision susceptible of different meanings must be interpreted with a meaning that renders it effective and not with one that renders it ineffective." La. C.C. art. 2049.

"Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." La. C.C. art. 2050. "An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion." *La. Ins. Guar. Ass'n*, 93–0911, 630 So.2d at 763.

*Spencer v. Chevron Corp.*, 16-174, pp. 6-7 (La.App. 4 Cir. 9/28/16), 202 So.3d 1055, 1058-59 (alteration in original).

"Whether an insurance policy provides or precludes coverage is a dispute that can be properly resolved within the framework of a motion for summary judgment." *Crosstex Energy Servs., LP v. Texas Brine Co., LLC*, 17-895, p. 5 (La.App. 1 Cir. 12/21/17), 240 So.3d 932, 936, *writ denied*, 18-145 (La. 3/23/18), 238 So.3d 963.

A moving party is entitled to summary judgment when it shows that there are no genuine issues of material fact and that it "is entitled to judgment as a matter of law." La. Code Civ.P. art. 966(A)(3). Summary judgment is favored by law and provides a vehicle by which "the just, speedy, and inexpensive determination" of an action may be achieved. La. Code Civ.P. art. 966(A)(2).

Appellate courts review summary judgments de novo under the same criteria that govern a district court's consideration of whether summary judgment is appropriate. *Greemon v. City of Bossier City*, 2010-2828 (La. 7/1/11), 65 So.3d 1263, 1267; *Samaha v. Rau*, 2007-

2

1726 (La. 2/26/08), 977 So.2d 880, 882; *Allen v. State ex rel. Ernest N. Morial–New Orleans Exhibition Hall Authority*, 2002-1072 (La. 4/9/03), 842 So.2d 373, 377. In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor. *Hines v. Garrett*, 2004-0806 (La. 6/25/04), 876 So.2d 764, 765. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. *Id.* at 765–66.

On motion for summary judgment, the burden of proof remains with the movant. However, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. *See* La. C.C.P. art. 966(D)(1); *see also Schultz v. Guoth*, 2010-0343 (La. 1/19/11), 57 So.3d 1002, 1006.

*Larson v. XYZ Ins. Co.*, 16-745, pp. 6-7 (La. 5/3/17), 226 So.3d 412, 416.

The policy at issue states under Section I, subsection D, paragraph 2.h.:

If the dwelling where loss of damage occurs has been "vacant" for more than 30 consecutive days before the loss or damage, we will:

(1) Not pay for any loss or damage caused by any of the following perils, even if they are covered causes of loss:

. . . .

(d) Water damage

The policy further defines "vacant" as meaning "the dwelling lacks the necessary amenities, adequate furnishings, or utilities and services to permit occupancy of the dwelling as a residence." The word "or" is defined as "[a] disjunctive particle used to express an alternative or to give a choice of **one** among

two or more things." Black's Law Dictionary 987 (5th ed.1979) (emphasis added). The policy thus unambiguously requires three things (amenities, furnishings, and utilities and services) for a home to not be vacant under its express terms. The absence of any one of those requirements would render the dwelling vacant. A plain reading of the policy further indicates that if the rental lacked any one of those three things for over thirty days prior to a loss due to water damage, GeoVera would not pay for any damages resulting from the loss. GeoVera has shown that the rental lacked two of these requirements, as the rental lacked both the amenity of hot water and adequate furnishings.

While the rental did have water and electricity, Mr. Albert admitted in deposition that gas was not connected at the time of the damage. He stated that it had been without gas service for roughly ninety-eight days prior to the pipe bursting. He further stated that the water heater for the home was gas, meaning that hot water was not possible for the rental at the time of the accident in January of 2018. The Lafayette Municipal Code Art. III, § 26-432 (2020) adopts the language of the International Plumbing Code, Chapter 6, § 607.1, which reads: "In residential *occupancies*, *hot water* shall be supplied to plumbing fixtures and equipment utilized for bathing, washing, culinary purposes, cleansing, laundry or building maintenance." Thus, as the home lacked gas, it necessarily lacked hot water. Thus, it is clear that the rental lacked all necessary amenities to permit occupancy of the dwelling as a residence in the city of Lafayette. This fact rendered the rental as vacant under the policy at the time the damages were sustained.[1]

_____

[1] It could very well be considered that the rental also lacked the "utilities and services to permit occupancy of the dwelling as a residence," in addition to merely lacking the amenity of

Furthermore, the clear language of the policy states that a dwelling would be considered "vacant" if it lacks "adequate furnishings . . . to permit occupancy of the dwelling as a residence." Mr. Albert testified that Lela Mouton moved out of the rental on September 30, 2017, and that it remained unoccupied until Jontelle Hersey moved in on June 1, 2018. He stated that no furnishings were in the home the date of the water damage in January of 2018, and that the home had not been furnished since Ms. Mouton moved out in September of 2017. As no furniture whatsoever had been in the rental for over three months at the time of the damage giving rise to this claim, it is clear from the plain language of the policy that the lack of adequate furnishings in the rental provides a separate and additional reason why the rental was "vacant" under the terms of the insurance policy for over thirty days at the time of the damage.

The rental property had no tenant living in it, no hot water, nor any furnishings for almost 100 days prior to damage caused by the freezing pipe. Therefore, under the express terms of the policy, it is clear that the rental was vacant for over thirty days when the damage occurred and that coverage for the water damage at issue was, therefore, excluded. We can find no error in the trial court's granting of GeoVera's motion for summary judgment.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against Mr. Albert.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

---

hot water, as the Lafayette Municipal Code would seemingly require gas services in a home with a gas water heater. However, as this is effectively a distinction without difference in this case, and there is a clear second requirement lacking in the way of adequate furnishings, we feel no need to address that third requirement to avoid vacancy.

