NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 21-636

MICHAEL MITCHELL

VERSUS

CITY OF NATCHITOCHES, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C-90628 A
HONORABLE DESIREE DYESS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY H. EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Chief Judge, Billy H. Ezell, and John E. Conery, Judges.

AFFIRMED.

**Alexander Stephan Lyons**
**400 Travis Street, Suite 1309**
**Shreveport, LA 71101**
**(318) 674-9711**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **City of Natchitoches**

**Erika F. Cedars**
**McCoy, Roberts & Begnaud**
**P. O. Box 1369**
**Natchitoches, LA 71458**
**(318) 352-6495**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Natchitoches Parish Water Works District No. 1**

**DaShawn Hayes**
**The Hayes Law Firm**
**1100 Poydras Street, Suite 1530**
**New Orleans, LA 70163**
**(504) 799-0374**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Michael Mitchell**

**EZELL, Judge.**

Michael Mitchell appeals the decision of the trial court below granting summary judgment in favor of the City of Natchitoches (the City), thereby dismissing his claims in this premises liability matter. For the following reasons, we hereby affirm the decision of the trial court.

On October 12, 2017, Mr. Mitchell was exiting his boat at a boat launch and dock at Sibley Lake in Natchitoches. Mr. Mitchell claims that as he stepped out of his boat onto the dock, a board broke lengthwise, causing him to fall and injure himself. He then filed the current suit against the City.

After discovery in the matter, the City filed a motion for summary judgment, claiming Mr. Mitchell had failed to create a genuine issue of material fact as to the City's knowledge of the defect. Further, the City set forth that it was protected from liability under the Recreational Use Statute, La.R.S. 9:2795. The trial court agreed, granting the City's motion for summary judgment. From that decision, Mr. Mitchell appeals.

On appeal, Mr. Mitchell asserts two assignments of error. He claims that the trial court erred in finding he had failed to create a genuine issue of material fact as to the City's constructive knowledge of the defect and that the trial court erred in finding recreational use immunity was improperly granted where the City did not lease the land from a private entity. We disagree.

A moving party is entitled to summary judgment when it shows that there are no genuine issues of material fact and that it "is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). Summary judgment is favored by law and provides a vehicle by which "the just, speedy, and inexpensive determination" of an action may be achieved. La.Code Civ.P. art. 966(A)(2).

Appellate courts review summary judgments de novo under the same criteria that govern a district court's consideration of whether summary judgment is appropriate. *Greemon v. City of Bossier City*, 2010-2828 (La. 7/1/11), 65 So.3d 1263, 1267; *Samaha v. Rau*, 2007-1726 (La. 2/26/08), 977 So.2d 880, 882*; Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibition Hall Authority*, 2002-1072 (La. 4/9/03), 842 So.2d 373, 377. In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor. *Hines v. Garrett*, 2004-0806 (La. 6/25/04), 876 So.2d 764, 765. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. *Id*. at 765–66.

On motion for summary judgment, the burden of proof remains with the movant. However, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. *See* La. C.C.P. art. 966(D)(1); *see also Schultz v. Guoth*, 2010-0343 (La. 1/19/11), 57 So.3d 1002, 1006.

*Larson v. XYZ Ins. Co.*, 16-745, pp. 6-7 (La. 5/3/17), 226 So.3d 412, 416.

The liability of public entities for defects in premises within their garde is governed by La.R.S. 9:2800 which reads, in pertinent part:

> A.    A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody.
>
> . . . .
>
> C.    Except as provided for in Subsections A and B of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the

> particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.

Moreover, in the current matter, the potential liability of the City is subject to the limitations found in the recreational use statute, La.R.S. 9:2795. The applicability of La.R.S. 9:2795 to Sibley Lake has previously been confirmed by this court, applying the statute to a different boat ramp at the park.[1] *See Raymond v. City of Natchitoches*, 20-23 (La.App. 3 Cir. 10/21/20), 305 So.3d 1027, *writ denied*, 20-1353 (La. 1/20/21), 308 So.3d 1164.

Louisiana Revised Statutes 9:2795 reads, in pertinent part (emphasis ours):

> B. (1) Except for *willful or malicious failure* to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:
>
> > (a)     Extend any assurance that the premises are safe for any purposes.
> >
> > (b)     Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.
> >
> > (c)     Incur liability for any injury to person or property caused by any defect in the land regardless of whether naturally occurring or man-made.

After a review of the record before this court, we find that there is no genuine issue of material fact as to whether the City had any knowledge at all, constructive or actual, that the dock at issue posed an unreasonable risk of harm. Furthermore, there is no evidence in the record whatsoever that the City willfully

---

[1] Mr. Mitchell asserts that recreational use immunity does not apply to the City because the "boat launch is not private land that was leased to the City of Natchitoches." A plain reading of the statute shows that it applies to "an owner of land." La.R.S. 9:2795 (B)(1). As the owner of the land in question, the immunity clearly applies, as noted in *Raymond*, 305 So.3d 1027. *See also Benoit v. City of Lake Charles*, 05-89 (La.App. 3 Cir. 7/20/05), 907 So.2d 931, *writ denied*, 05-2154 (La. 3/17/06), 925 So.2d 539.

or maliciously failed to warn the public of any defect, as required under the Recreational Use Statute.

The record before the court shows pictures of a dock containing two steps. The board at issue was located on the bottom step, running parallel to the dock, resting immediately atop still intact wood that extends beyond the break. The broken board is clearly split lengthwise where it was nailed in, with roughly one to three inches of wood missing down the length of the board. It did not break through towards the water, i.e., Mr. Mitchell did not step through the board as if it were rotten. Seemingly, the outer lip area of the board split and gave way as Mr. Mitchell stepped onto it.

However, Mr. Mitchell was unequivocal in his deposition testimony that the board did not appear broken, rotten, or show any defect prior to him stepping onto it. He testified that it was daylight and he was clearly and carefully looking where he was stepping. He stated that the board looked like it would hold him and didn't look broken in any way prior to him stepping on it.

Affidavits of City employees Bobby Ray Petite and Kerry Gerald, who worked the grounds of the park for the City, state that they had never seen nor been advised of any defects in the dock. Both men further testified again in deposition that had not only had they never seen nor been made aware of any defect, but had they become aware of one, they were to record it and report it to their supervisor, Michael Braxton. Mr. Braxton testified that no reports of defects regarding the dock had been made prior to this suit.

It is clear that the City had no knowledge, actual or constructive, that the board at issue was potentially hazardous prior to this suit. Mr. Mitchell himself admits that the board looked perfectly fine to a careful observer prior to his

4

accident. As such, the board would have looked perfectly normal to any City employees who would have seen it prior to the accident. Nothing in the record indicates that the City or any of its employees had any knowledge of any defect whatsoever, let alone that the City willfully or maliciously failed to warn the public of any defect in the dock, as required for recovery under Louisiana recreational use immunity. Mr. Mitchell failed to raise a genuine issue of triable fact. Therefore, we can find no error in the decision of the trial court granting summary judgment in favor of the City .

For the above reasons, the decision of the trial court below is affirmed. Costs of this appeal are hereby assessed against Mr. Mitchell.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

5